## AMOS PARK V. THE STATE.

No. 18912.   Delivered October 13, 1937.
Rehearing Denied December 15, 1937.

The opinion states the case.

*Sam J. Hamilton,* of Memphis, and *Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the Texas Liquor Control Act; punishment, a fine of $350.00 and three months in the county jail.

Appellant complains because the exceptions, urged by him to be in the statute involved, were not negatived in the indictment; also because of the fact that the trial court refused to submit to the jury the question as to whether the inspectors, who bought the alleged liquor sold in violation of law and testified for the State, were accomplice witnesses; also because of the fact that the court refused to instruct the jury or submit to them the question as to whether Hall County was a dry area.

The first two questions referred to were decided adversely to appellant's contention in the cases of Baker v. State, 106

S. W. (2d) 308, and Stevens v. State, No. 18823 (page 333 of this volume), opinion this day handed down. We have no doubt under the facts appearing in the indictment and statement of facts herein but that Hall County, Texas, was a dry area at the time the alleged liquor was sold.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for rehearing is predicated on the proposition that our holding was erroneous in Stevens v. State, No. 18,823 (page 333 of this volume), under facts there and here present that inspectors of the Liquor Control Board were not accomplice witnesses. In the motion for rehearing in the Stevens case the same reasons were advanced as against the soundness of our holding as are found in the motion for rehearing now under consideration. Recognizing that the question was not without difficulty it was considered maturely. After much investigation we reached the conclusion that to hold as then and now urged would be contrary to the weight of authority from the courts of other states, and in conflict with the announcement of the Supreme Court of the United States in Sorrells v. United States, 287 U. S., 435, 77 L. Ed., 413, 53 S. Ct., 210. Having reached the conclusion indicated, it resulted in overruling the motion for rehearing in the Stevens case which opinion on rehearing was released on December 8th, 1937. Stevens v. State, supra.

On the authority of that case and those cited in the opinion therein, the motion for rehearing in the present case is overruled.

*Overruled.*